A. D. KENAMOND, Judge.
Claimant Bertram L. Withrow, owner of a 1950 model Pontiac sedan coupe, who lives on route 35, eight miles west of Charleston, was traveling along route 35, about a mile east of Lock 6, on the afternoon of April 18, 1951.
At that time the state road commission had a power shovel working at that point on the highway. The state road foreman in charge had a flagman stationed near the shovel to direct one-way traffic, part time to the east and part time to the west, through a lane provided for the traveling public. The claimant’s car was the last in a line of four or five cars that had been signaled to pass along the lane. The other cars passed through in safety, but claimant’s car was struck by a part of the body of the power shovel, which caused the top of his car to be dented in and the windshield to be broken.
*47 Claimant’s insurance company took care of the bill for windshield “on the comprehensive coverage,” but claimant had to pay the remainder of the damage, said remainder amounting to $30.60, for which he presented in evidence a receipted bill from the West Virginia Body Works, Incorporated, Charleston, West Virginia. This amount he seeks to recover, claiming the damage was due to negligence on the part of the state road commission.
Respondent presented testimony of two employees on the job at the time — one, the foreman, Lawrence Roberts, who was about 30 feet from the power shovel and did not see the shovel hit claimant’s car, being engaged in flagging his trucks in so the shovel could load them; the other, a laborer, Samuel Hill, who was working at the slide behind the shovel, yet in view of the claimant’s car, since he testified that he saw the shovel hit the claimant’s car and that claimant was then following in the line of traffic.
Neither the flagman who directed the traffic nor the operator of the shovel appeared to offer testimony.
Foreman Roberts and laborer Hill both said claimant got “too close to the shovel.” Since the testimony showed claimant was traveling in the line of traffic, that the shovel got too close to the claimant’s car would be an equivalent explanation.
The shovel was continually in operation while the traffic passed, according to the testimony, and when the shovel in its outward swing from the slide was about to strike claimant’s car, the flagman jumped out of the way. Foreman Roberts stated that said flagman had his back toward the truck carrying the power shovel and faced the traffic he was directing.
It is the opinion of the members of this court that the flagman directing the traffic was responsible and to blame for permitting and directing claimant’s car to be in the line of traffic at a time when the power shovel was in its outward swing from the slide, and that no fault on the part of claimant was shown. We therefore make an award in favor of claimant, Berti-am L. Withrow, for the sum of thirty dollars and sixty cents ($30.60).